IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Betty Gray, | ) | C/A No.: 3:12-cv-1734-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of Labor Licensing and Regulation, Catherine Templeton, Samuel Wilkins, William "Ron" Cook, Charles Ido, and Holbrook "Ryan" Alvey, in their official and individual capacities, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Defendant Catherine Templeton's Objection to the Report and Recommendation ("Report") and Renewed Motion to Dismiss. The Magistrate Judge has recommended that this court deny Defendant Templeton's previous Motion to Dismiss. Having reviewed the record, including the motion and the objections, the court finds that the Magistrate Judge has applied the correct principles of law in her Report. Accordingly, the court adopts the Report and fully incorporates it into this order.

The Plaintiff, Betty Gray, filed this action asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; 42 U.S.C. § 1983; and 42 U.S.C. § 1985; as well as a state law claim of civil conspiracy. The crux of Gray's Complaint is that the Defendants unlawfully forced her, an African-American female, to accept a demotion and subsequently to resign. In her motion to dismiss, Defendant Templeton seeks the dismissal of Plaintiff's Fifth Cause of Action, alleging civil conspiracy. After this motion was fully briefed,

the Magistrate Judge issued a Report and Recommendation, recommending that this court deny Templeton's motion.

## I.     Legal Standard

### A.     Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge only makes a recommendation to the court.  It has no presumptive weight, and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report.  28 U.S.C. § 636(b)(1).  From the objections, the court reviews *de novo* those portions of the report that have been specifically objected to, and the court is allowed to accept, reject, or modify the report in whole or in part.  *Id.*

### B.     Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff.  *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999).  The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Accordingly, Plaintiffs must put forth claims that cross "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted).

**II.     Analysis**

The Magistrate Judge has recommended that this court deny Defendant Templeton's Motion to Dismiss, finding that the Plaintiff has sufficiently pled special damages as a part of her civil conspiracy claim. Templeton raises the following objections to the Report: (1) damages claimed for civil conspiracy are repetitive and overlap with the damages claimed in other causes of action; (2) damages claimed for "physical impairment, pain and suffering, emotional distress and other intangible damages including reputational loss" are non-economic damages not capable of calculation; and (3) Plaintiff has failed to identify how Defendant Templeton engaged in a civil conspiracy with respect to her employment.

The first two objections that Templeton raises to this court were previously presented to the Magistrate Judge as arguments in Templeton's Motion to Dismiss. The court finds these arguments unavailing. The court recognizes that "[i]f a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 875 (S.C. Ct. App. 2009). However, after comparing the special damages pled as a part of the civil conspiracy claim to the damages alleged in the other causes of action, this court finds that the special damages are not duplicative of the general damages pled in the Complaint. As to Templeton's assertion that special damages for civil conspiracy must be

3

capable of calculation, this court cannot agree.  Though Templeton failed to cite any case law to support this statement in her Objections, she has previously supported that argument by citing cases dealing with special damages in claims other than civil conspiracy.  The court is not persuaded that such law is applicable in the civil conspiracy context.  In Templeton's third objection, she contends that Plaintiff has not identified how Templeton engaged in a civil conspiracy with respect to Plaintiff's employment.  On the contrary, the Complaint states, "the individual defendants and others met, schemed, conspired and planned in secret and sometimes even open meetings to demote the plaintiff and others of her race and to deny them equal treatment as their white counterparts throughout the [reduction in force]."  (ECF No. 1, p. 7).  Defendant Templeton qualifies as one of the "individual defendants."  Thus, Plaintiff has properly pled a claim of civil conspiracy against Templeton.  This court rejects the arguments made in Templeton's Objections to the Magistrate Judge's Report.

Additionally, Templeton disagrees with the suggestion made in Plaintiff's Supplemental Memorandum in Opposition that costs and fees associated with this action are special damages. The Magistrate Judge did not specifically address Plaintiff's argument about costs and fees as special damages, but it appears to the court that Plaintiff has not pled fees and costs as special damages.  Plaintiff's Complaint merely states a general prayer for costs and fees.  As recognized by the South Carolina Court of Appeals, "special damages must 'be specifically stated' to avoid surprise to the other party."  *Benedict College v. Nat'l Credit Sys., Inc.*, 735 S.E.2d 518, 523 (2012) (quoting *Preferred Sav. Bank, Inc. v. Elkholy*, 399 S.E.2d 19, 21 (S.C. Ct. App. 1990)).  It should be noted that the court's determination that Plaintiff has properly pled special damages as part of her civil conspiracy claim is not based upon Plaintiff's prayer for fees and costs.

## III. Conclusion

For all of the reasons discussed above, this court hereby denies Defendant Templeton's Motion to Dismiss (ECF No. 22), as well as the Renewed Motion to Dismiss (ECF No. 47).[1]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 15, 2013                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

---

[1] Although the court has denied the motion to dismiss the civil conspiracy claim at the pleading stage, the court expects the issue to arise again at the summary judgment stage of this case.